UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re

OPTI-CAL LATINA, INC.                          Case No.  05 B 20469  (ESS)
d/b/a OPTICA LATINA, INC.

                                  Debtor.              Chapter 11
-------------------------------------------------------x


DEBTOR'S PLAN OF REORGANIZATION


Dated:        Brooklyn, New York
              July 24, 2007


                                        Ortiz & Ortiz, L.L.P.
                                        Counsel to the Debtor and Debtor-In-
                                        Possession
                                        127 Livingston Street
                                        Brooklyn, New York 11201
                                        Tel. (718) 522-1117

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re

OPTI-CAL LATINA, INC.                              Case No.  05 B 20469  (ESS)
d/b/a OPTICA LATINA, INC.,

                                      Debtor.            Chapter 11
-------------------------------------------------------x

## DEBTOR'S PLAN OF REORGANIZATION

      Opti-cal Latina, Inc., d/b/a Optica Latina, Inc., the debtor and debtor-in-possession (the "Debtor"), proposes this Plan of Reorganization (the "Plan"), pursuant to section 1121(a) the Bankruptcy Code.

## ARTICLE I

DEFINITIONS AND RULES OF CONSTRUCTION

      For the purposes of this Plan, the following terms shall have the respective meanings as hereinafter set forth.  Such meanings are equally applicable to the singular and plural forms of the terms defined, unless the context requires otherwise.  Capitalized terms used in this Plan shall at all times refer to the terms as defined in this Article I.  A capitalized term used in this Plan which is not defined herein but is defined in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning assigned to such term in the Bankruptcy Code or Bankruptcy Rules.  The words "herein", "hereof" and "hereunder" and other words of similar import refer to this Plan as a whole, including all exhibits and schedules, if any, annexed hereto, as the same may from time to time be amended or supplemented, and not to any particular article, section or subdivision contained in this Plan.

1.00    Definition of Terms.

1.01    <u>Administrative Claim</u>:  means a Claim for any cost or expense of administration in connection with this Bankruptcy Case of a kind specified in Sections 502(f) and 503(b) of the Bankruptcy Code and referred to in Sections 507(a)(1) and 1114 of the Bankruptcy Code, including, without limitation, any actual and necessary cost and expense of preserving the Estate of the Debtor incurred after the Filing Date and up to Confirmation; any indebtedness or obligation incurred or assumed by the Debtor in connection with the ordinary conduct of its business; allowances of compensation for legal or other professional services and reimbursement of costs and expenses under Section 330(a) or 331 of the Bankruptcy Code or otherwise allowed by the Court; all costs of making distributions and

providing notices and ballots with respect to the Plan; and all fees and charges assessed against the Estate under Chapter 123, Title 28, United States Code.

1.02      Administrative Creditor:   means a person or entity holding an Allowed Administrative Claim.

1.03      Allowed:  when used in conjunction with the Claims or Class of Claims defined in this Plan, means a Claim or portion of a Claim: (i) which is scheduled by the Debtor pursuant to Sections 521(1) of the Bankruptcy Code, other than a Claim which is scheduled by the Debtor as disputed, contingent or unliquidated; or (ii) for which proof has been filed, pursuant to Section 501(a) of the Bankruptcy Code; or (iii) any Claim allowed pursuant to this Plan and, in each such case in (i) and (ii) above, as to which either (a) no objection to the allowance thereof has been interposed within the applicable period of time fixed by this Plan, the Bankruptcy Code, the Bankruptcy Rules or the Court or (b) such an objection is so interposed and the Claim shall have been allowed by a Final Order and to the extent so allowed by the Court.  Notwithstanding the foregoing, Claims shall be Allowed to the extent that this Plan provides that they are deemed Allowed.

1.04      Bankruptcy Case:  means this Chapter 11 reorganization case, Case No. 05-20469 (ESS), commenced by the filing of the Debtor's voluntary chapter 11 petition with the Clerk of the Court on June 30, 2005.

1.05      Bankruptcy Code:  means Title 11 of the United States Code, 11 U.S.C. Sections 101, et seq., as amended.

1.06      Bankruptcy Court or Court:  means the United States Bankruptcy Court for the Eastern District of New York, or any other court having jurisdiction over the Bankruptcy Case.

1.07      Bankruptcy Rules:  means the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Bankruptcy Court, together with all amendments and modifications from time to time made thereto as prescribed under 28 U.S.C. Section 2075.

1.08      Business Day:  means any day other than a Saturday, Sunday or a "legal holiday," and as that term is defined in Bankruptcy Rule 9006.

1.09      Cash:  means cash and cash equivalents, including but not limited to, bank deposits, checks and other similar items.

1.010        Chapter 11:  means Chapter 11 of the Bankruptcy Code.

1.011        Claim:  Any right to a payment from the Debtor, whether or not such right is
             reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or
             unmatured, disputed or undisputed, legal or equitable in nature, or secured or
             unsecured; and a right to an equitable remedy for breach of performance if such
             breach gives rise to a right to payment, whether or not such right is reduced to
             judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured
             or unsecured.

1.012        Claimant:  means the holder of a Claim.

1.013        Class:  means a category of holders of Claims as provided for in Article II of this
             Plan.

1.014        Confirmation:  means the entry of an order by the Court confirming this Plan in
             accordance with Chapter 11.

1.015        Confirmation Date:  means the date upon which the Court enters an order
             confirming this Plan in accordance with Chapter 11.

1.016        Confirmation Order:  means the order entered by the Court confirming this Plan
             in accordance with Chapter 11.

1.017        Debtor:  means Opti-cal Latina, Inc., d/b/a Optica Latina, Inc., as a debtor-in-
             possession.

1.018        Debtor's Professionals:  means the following professional firms: Ortiz & Ortiz,
             L.L.P., Debtor's Counsel, and Ileana Sewpershad, Debtor's accountant.

1.019        DIP Account:  means the bank account established by the Debtor as its Debtor-in-
             Possession bank account in this Bankruptcy Case.

1.020        Disallowed Claims:  means any Claim or portion thereof that has been disallowed
             by the Court by a Final Order.

1.021        Disbursing Agent:  means the Reorganized Debtor, and its designated agent, who
             shall maintain the Disbursing  Account.

1.022        Disbursing Account:  means the bank account that will be established after the
             Confirmation Date to disburse the payments provided for in the Plan.

1.023 <u>Disclosure Statement</u>: means the disclosure statement, as may be amended or modified, that (i) relates to this Plan and (ii) as approved by the Bankruptcy Court under Section 1125 of the Bankruptcy Code, to the extent necessary.

1.024 <u>Disputed Claims</u>: means (i) a Claim which is scheduled by the Debtor as disputed, contingent or unliquidated, or (ii) any Claim that is not Allowed, or (iii) any Administrative Claim filed by or asserted by a Professional or any other Administrative Creditor to which the Debtor files an objection with the Court, or (iv) any Claim which has been filed pursuant to Section 501(a) of the Bankruptcy Code and as to which an objection to the allowance thereof has been or will be interposed within the time limitation fixed by the Bankruptcy Code, by an order of the Court, or by this Plan, which objection has not been determined, in whole or in part, by a Final Order.

1.025 <u>Effective Date</u>: means the date upon which the Confirmation Order becomes a final, non-appealable order.

1.026 <u>Estate</u>: means the estate created in this Bankruptcy Case pursuant to Section 541 of the Bankruptcy Code.

1.027 <u>Executory Contracts</u>: means executory contracts and unexpired leases as described in Section 365 of the Bankruptcy Code.

1.028 <u>Filing Date</u>: means October 14, 2005, when the Debtor filed its voluntary bankruptcy petition with the Clerk of the Court.

1.029 <u>Final Order</u>: means an order, ruling, or judgment that is in full force and effect, is not stayed, and is no longer subject to review, reversal, modification, amendment, appeal, or writ of certiorari.

1.030 <u>Impaired</u>: means any Claim that is impaired within the meaning of section 1124 of the Bankruptcy Code.

1.031 <u>Plan</u>: means this Chapter 11 Plan of Reorganization, as may be further amended or modified.

1.032 <u>Priority Tax Claim</u>: means any Claim entitled to priority under Section 507(a)(7) of the Bankruptcy Code.

1.033 <u>Professional or Professionals</u>: means any professional person or entity as defined by Section 327(a) of the Bankruptcy Code.

1.034 <u>Property</u>: means the Debtor's collective interest in all of its personal property, or in which the Debtor has an interest, including the Debtor's DIP Account, its

furniture and fixtures, costumes, good will, and all causes of action to which the Debtor reserves the right to assert as the Reorganized Debtor, if any.

1.035    Record Date:  means the last date fixed pursuant to a Final Order of the Bankruptcy Court for the purpose of voting with respect to this Plan.

1.036    Reorganized Debtor:   means the Debtor immediately following the date upon which the Confirmation Order becomes a Final Order.

1.037    Schedules: means the schedules of assets and liabilities filed in the Bankruptcy Court in the Bankruptcy Case, as have been and may be further amended.

1.038    Secured Claims of the New York State Department of Taxation and Finance: means the claims asserted by the New York State Department of Taxation and Finance as secured.

1.039    Secured Claims of the U.S. Dept. of the Treasury:  means the claims asserted by the U.S. Dept. of the Treasury as secured.

1.040    Unclaimed Property:  means any Cash that is unclaimed within sixty days after such Cash is distributed, and shall include: (i) checks, and the funds represented thereby, that have been returned as undeliverable; (ii) funds for checks that have not been paid or negotiated; and (iii) checks, and the funds represented thereby, that were not mailed or delivered because of the absence of a proper address to which to mail or deliver same.

1.041    Unsecured Claim:   means any Claim other than a Priority Claim, a Priority Tax Claim, or an Administrative Claim.

1.042    Unsecured Tax Claim:  means any tax Claim that is a general unsecured Claim.


## ARTICLE II

CLASSIFICATION OF CLAIMS

Claims are classified below pursuant to Bankruptcy Code section 1122.  Administrative Claims and Priority Taxes have not been classified, pursuant to Bankruptcy Code section 1123(a)(1), and are treated in Article V of the Plan.


2.0    Classes of Claims.

2.01        Class 1 consists of Secured Claims of the New York State Taxing Authority.

2.02        Class 2 consists of Secured Claims of the U.S. Dept of the Treasury.

2.03        Class 3 consists of all Priority Tax Claims.

2.04        Class 4 consists of all General Unsecured Claims, including Unsecured Tax Claims.

2.05        Class 5 consists of the sole equity interest holder of the Debtor, David Claudio.


# ARTICLE III

VOTING CLASSES OF CLAIMS IMPAIRED AND UNIMPAIRED
UNDER THE PLAN; PLAN ACCEPTANCE


3.01        Any Class of Claimants impaired under the Plan is entitled to vote to accept or reject this Plan.  Pursuant to Bankruptcy Code section 1126(c), a Class of Claims shall have accepted the Plan if at least two thirds in amount and more than one half in number of the Claimants that timely and properly voted to accept or reject the Plan in fact voted to accept the Plan.  Classes 1, 2, 3, and 4 are impaired and entitled to vote to accept or reject the Plan.


# ARTICLE IV

PROVISIONS FOR
TREATMENT OF CLASSES UNDER THE PLAN


4.01        Class 1:  Secured Tax Claim of the New York State Dept. Of Taxation: The New York State Department of Taxation and Finance shall receive deferred cash payments, in quarterly installments commencing on the Effective Date, over a period not exceeding six years from the date of assessment of each Allowed Secured Claim of the New York State Dept. Of Taxation and Finance, of a value, as of the Effective Date of the Plan, equal to the Allowed amount of such Claim, pursuant to Section 1129(a)(9)(C) of the Bankruptcy Code, or such other agreement between the holder of the claim and the Debtor or the Reorganized Debtor.

4.02        Class 2:  Secured Tax Claim of the U.S. Dept. of the Treasury:  The U.S. Dept. Of the Treasury shall receive deferred cash payments, in quarterly installments commencing on the Effective Date, over a period not exceeding six years from the date of assessment of each Allowed Secured Claim of the U.S. dept. of the

Treasury, of a value, as of the Effective Date of the Plan, equal to the Allowed amount of such Claim, pursuant to Section 1129(a)(9)(C) of the Bankruptcy Code, or such other agreement between the holder of the claim and the Debtor or the Reorganized Debtor.

4.03        Class 3:  Priority Tax Claims

The holders of Allowed Priority Tax Claims shall receive deferred cash payments, over a period not exceeding six years after the date of assessment of each respective Allowed Priority Tax Claim, of a value, as of the Effective Date of the Plan, equal to the Allowed amount of such Claim, pursuant to Section 1129(a)(9)(C) of the Bankruptcy Code, or such other agreement between the holder of the Priority Tax Claim and the Debtor or the Reorganized Debtor.

4.04.       Class 4:  General Unsecured Claims

In full and final satisfaction of all Allowed General Unsecured Claims, each Claimant in Class 3 shall receive Cash equal to no less than five percent (5%) of such Claimant's Allowed Unsecured Claim, without interest, payable in the following manner:  Payment of such claims shall commence on the Effective Date of the Plan be completed no later than thirty-six (36) months from the Effective Date of the Plan.  Such payments shall be made ninety (90) day installments, with the first installment commencing ninety (90) days from the Effective Date.

4.05        Class 5:   Allowed Interest of the Debtor

The Class Five Interest Holder shall receive no payment or distribution of money or property under the Plan. The Class Five Interest Holder's legal, contractual and equitable rights shall not be altered, changed or modified.


**ARTICLE V**

PROVISIONS FOR TREATMENT OF
UNCLASSIFIED CLAIMS UNDER THE PLAN


5.01        Administrative Claims

Administrative Creditors, other than the Claims of Professionals, shall receive on the Effective Date, or as soon as practicable thereafter, either a) Cash equal to one hundred percent of such Claimant's Allowed Administrative Claim, or b) payment on such other terms as may be agreed upon by such Claimants and the Debtor. The Administrative Claims that are incurred after the Confirmation Date shall be

paid by the Reorganized Debtor when due or as soon as practicable thereafter, at the option of the Reorganized Debtor, without an order of the Court, subject to the provisions of the Plan.  Any Claim for an indebtedness or obligation incurred or assumed by the Debtor in connection with the ordinary conduct of its business shall be paid pursuant to the terms and conditions of the transaction giving rise to such Claim.

All quarterly fees due to the United States Trustee shall be paid in full by the Confirmation Date.  All quarterly fees that accrue thereafter will be paid by the Reorganized Debtor until the Bankruptcy Court enters a final decree.

5.02        Administrative Claims of Professionals

The Claims of Professionals shall be fixed by the Court pursuant to Bankruptcy Code section 330.  The Allowed Claims of Professionals accrued on or prior to the Effective Date shall be paid by the Debtor pursuant to the terms of any agreement entered into between the Professional and the Debtor, and/or pursuant to Court Order.  The Debtor's Professionals have agreed to accept payment of their Allowed Claims after the Confirmation Date.

# ARTICLE VI

## IDENTIFICATION OF CLASSES OF CLAIMS IMPAIRED AND NOT IMPAIRED UNDER THE PLAN

6.01        Each Class of Claims that is Impaired may vote for or against the Plan pursuant to Section 1126(f) of the Bankruptcy Code.  Each Class of Claims that is unimpaired is deemed to have accepted the Plan pursuant to Bankruptcy Code section 1126(f).  Classes 1, 2, 3, and 4 are impaired by the Plan.

# ARTICLE VII

## PROVISIONS CONCERNING DISTRIBUTIONS

7.01        Time of Distributions Under the Plan.

Payments to Claimants with Allowed Claims shall commence on the Effective Date, or as soon as reasonably possible thereafter.

7.02        Manner of Payments Under the Plan.

Payments to be made by the Debtor pursuant to this Plan shall be made by check drawn on the Disbursing Account or upon such other terms as may be agreed upon by the Reorganized Debtor and the Claimant.

7.03        Fractional Cents.

Any other provision of this Plan to the contrary notwithstanding, no payments of fractions of cents will be made.  Whenever any payments of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole cent.

7.04        Unclaimed Property.

Except as otherwise provided herein, in the event and at such time as any distribution under this Plan becomes Unclaimed Property, then the person or entity to which such distribution was to have been made shall forfeit all rights thereto, and to any and all future payments under the Plan, and the Claim in respect of which such distribution was to have been made shall be treated as a Disallowed Claim not subject to Section 502(j) of the Bankruptcy Code.  In this regard, distribution to Claimants entitled thereto shall be sent to their last known address set forth on a proof of claim filed with the Court or if no proof of claim is filed, on the schedules filed by the Debtor, or to such other address as may be designated by a Claimant pursuant section 17.02 of the Plan.

7.05        Disputed Payments or Distributions.

In the event of any dispute between or among Claimants as to the right to receive or retain any payment or distribution to be made to such entity or person under this Plan, including the entity or person asserting the right to receive the disputed payment or distribution, the Disbursing Agent shall retain in the Disbursing Account an amount of funds sufficient to satisfy the disputed amount, until the entry of a Final Order resolving the dispute or until the parties to such dispute may agree otherwise.

**ARTICLE VIII**

PROVISIONS CONCERNING DISCHARGE AND PROPERTY

8.01        Discharge of Claims.

Except as otherwise provided in this Plan and the Confirmation Order, the rights afforded in this Plan shall be in exchange for and in complete satisfaction, discharge, and release of all Claims of any nature whatsoever, including any Claim that arises before the Confirmation, against the Debtor, the Reorganized Debtor, its past and present agents, or its assets or Property, including any debt of the kind specified in Bankruptcy Code sections 502(g), 502(h) or 502(i), whether or not such Claim is Allowed, and whether or not the Holder of such Claim has voted on this Plan or voted to accept or reject this Plan.

The distributions and rights that are provided in this Plan shall be in complete satisfaction, discharge and release of all Claims and Causes of Action against, liabilities of, liens on, charges, encumbrances, security interests, obligations of and interests in the Debtor and the  Reorganized Debtor and any property of the Debtor and the Reorganized Debtor, whether known or unknown, regardless of whether a proof of Claim was filed, whether or not Allowed and whether or not the Holder of the Claim has voted on this Plan, or voted to accept or reject this Plan, or based on any act or omission, transaction or other activity or security, instrument or other agreement of any kind or nature occurring, arising or existing prior to the Effective Date that was or could have been the subject of any Claim.

8.02        Vesting of Property.

To the extent not provided herein, on the Effective Date, title to the Property of the Debtor not distributed to Creditors or placed in the Disbursing Account shall vest in the Reorganized Debtor and be assumed by the Reorganized Debtor after the Effective Date, or shall be conveyed or distributed under this Plan free and clear of all Claims of Creditors, except as otherwise provided in this Plan. Except as otherwise provided in this Plan, Confirmation of this Plan shall be binding and the Debtor's debts shall be discharged as provided in section 1141 of the Bankruptcy Code.

ARTICLE IX

EFFECT OF THE PLAN ON CLAIMS

9.01        Injunction.

In implementation of the discharge provided in Section 8.01 hereof, except as otherwise expressly provided in this Plan (including obligations in respect of Claims as at the Effective Date and including Section 8.01 hereof), the Confirmation Order shall provide, among other things, that all entities or persons who have held, hold, or may hold Claims, including Claims that arise before

10

Confirmation, against the Debtor are permanently enjoined on and after the Effective Date: (i) from commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind with respect to any such Claim against the Debtor or the Reorganized Debtor, its past or present agents, or Property of the Debtor or the Reorganized Debtor (ii) from the enforcement, attachment, collection or recovery by any manner, directly or indirectly, of any judgment, award, decree, or order against the Debtor or the Reorganized Debtor or the Property of the Debtor, with respect to any such Claim, (iii) from creating, perfecting or enforcing, directly or indirectly, any encumbrance of any kind against the Debtor, or against the Property of the Debtor with respect to any such Claim, (iv) from asserting, directly or indirectly, any set off, right of subrogation, or recoupment of any kind against any obligation due the Debtor and (v) from any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan. Nothing in this Plan shall (a) prohibit the holder of a timely filed Claim to which the Debtor has timely filed an objection from litigating its right to seek to have such Claim declared an Allowed Claim or (b) enjoin or prohibit the enforcement by any Claimant of any of the obligations of the Debtor or Reorganized Debtor under this Plan.

## ARTICLE X

### RELEASES AND TERMINATION

10.01      Releases and Limitations of Liability

Except as otherwise provided for in this Plan, upon the Effective Date all Claims against the Debtor, including Claims that arose before the Confirmation, shall be discharged, released and of no further force or effect. In addition, no officer, director, or agent of the Reorganized Debtor, or any attorney, accountant, or professional employed by any of those persons, shall have or incur any liability to any person or entity for an action taken or omission be liable for from and after the Effective Date is hereby exculpated by all persons, holders of Claims, entities, and parties-in-interest receiving payments under the Plan, from any and all causes of action arising out of or in connection with the Reorganized Debtor's discharge of the powers and duties conferred upon it by the Plan or any order of the Bankruptcy Court entered pursuant to or in furtherance of the Plan or applicable law. Such exculpation shall not apply to actions or omissions arising out of their respective gross negligence or willful misconduct. No current holder of a Claim or representative thereof shall have or pursue any cause of action (i) against the Reorganized Debtor for making payments in accordance with the Plan, or for implementing the provisions of the Plan, or (ii) against any holder of a Claim for receiving or retaining Distributions or other payments as provided for by the Plan.

10.02          Certain Terminations.

Except as otherwise provided for in this Plan, upon the Effective Date all instruments evidencing indebtedness of the Debtor impaired by the Plan shall be deemed canceled as against the Debtor.

10.03          Rights If Plan Not Confirmed.

If Confirmation of this Plan does not occur, this Plan shall be deemed null and void, and in such event nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other entity or to prejudice in any manner the rights of the Debtor or any entity in any further proceedings involving the Debtor, and no statement contained in this Plan shall constitute an admission of any fact by the Debtor in any further proceedings involving the Debtor.

10.04          Termination of Litigation.

Any motion or adversary proceeding commenced against the Debtor regarding the Debtor or its Property shall be deemed dismissed with prejudice as part of the Plan.


# ARTICLE XI

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

11.01          Assumption and Rejection of Executory Contracts and Unexpired Leases.

All Executory Contracts to which the Debtor is a party are deemed assumed by the Reorganized Debtor as of the Effective Date, except those Executory Contracts listed in Schedule 1 to this Plan, in accordance with Bankruptcy Code Section 365. If applicable, Schedule 1 shall be served upon all parties to the rejected Executory Contracts prior to the Effective Date. The Executory Contracts listed in Schedule 1 to the Plan are deemed rejected pursuant to Bankruptcy Code section 365. The Debtor and the Reorganized Debtor shall have the right, at any time prior to ninety days after the Effective Date, to amend Schedule 1; any Executory Contract added to or deleted from Schedule 1 will be assumed or rejected, respectively as of the date of such amendment.


11.02.         Cure of Defaults.

All payments that may be required to cure any default under an Executory Contract that is assumed under this Plan under Bankruptcy Code Section 365(b)(1) shall be made by the Debtor or the Reorganized Debtor.  In the event of a dispute regarding the amount of any cure payment, the ability of the Reorganized Debtor to provide adequate assurance of future performance, or any other matter pertaining to the assumption, the Debtor or the Reorganized Debtor shall make such cure payments required by Code Section 365(b)(1) following the entry of a Final Order resolving such dispute.  The Reorganized Debtor shall cure all other defaults existing under any Executory Contract which is assumed under this Plan.

11.03.         Claim for Damages.

Any party to an Executory Contract that is rejected pursuant to Section 11.01 shall be entitled to file, no later than thirty days after such rejection, a proof of claim for damages alleged to arise from the rejection of such Executory Contract. Objections to any proof of claim shall be filed by the Debtor or Reorganized Debtor no later than sixty days after such proof of claim is filed, and the Court shall resolve any such objections.  Payment of such Claim shall be made on the later of (i) ten Business Days after the expiration of the sixty-day period for filing an objection to such proof of claim filed and (ii) ten Business Days after the Claim has been Allowed by a Final Order, provided that no such payments shall be made before the Effective Date.

11.04.         Classification of Claims.

Allowed Claims arising out of the rejection of an Executory Contract shall be Class 4 Claims.

## ARTICLE XII

### PROCEDURES FOR RESOLVING DISPUTED CLAIMS OR INTERESTS

12.01          Time Limit for Objections to Claims or Interests.

Objections to Disputed Claims shall be filed by the Debtor or Reorganized Debtor with the Court and served upon each holder of each of the Claims and Interests to which objections are made not later than sixty (60) days subsequent to the Effective Date or within such other time period as may be fixed by the Court.

12.02          Resolution of Disputed Claims.

The Reorganized Debtor is authorized to litigate to judgment, settle, or withdraw objections to Disputed Claims, or negotiate and accept different terms with holders of Allowed Claims in its sole discretion.

12.03    Payments to Claimants with Disputed Claims.

Payments and distributions to each holder of a Disputed Claim that ultimately becomes an Allowed Claim shall be made in accordance with the provisions of this Plan with respect to the Class of Creditors to which the holder of such Allowed Claim belongs.  No payments or distributions of a Disputed Claim shall be made until such dispute is resolved by a Final Order or settlement.  In the event that the Effective Date occurs prior to the sixtieth day after the Confirmation Date and a distribution is not made on the Effective Date to a Creditor, that Creditor shall be deemed to hold a Disputed Claim.  In the event a Disputed Claim becomes an Allowed Claim after the first Effective Date's first payment, said Allowed Claim shall be paid consistent with the payments received by holders of other Claims in the Class into which such Claim falls commencing on the next distribution date under the Plan.

12.04    Retention of and Enforcement of Causes of Action

The Reorganized Debtor shall retain the exclusive right to exercise its discretion to enforce against any person or entity any and all Causes of Action of the Debtor, including all Causes of Action of a trustee or debtor-in-possession under the Bankruptcy Code, other than those Claims or Causes of Action released or compromised under this Plan.

## ARTICLE XIII

### MEANS FOR EXECUTION OF THIS PLAN

13.01    The Debtor and the Reorganized Debtor shall satisfy its obligations from the Cash it maintains on hand on the Effective Date, the funds generated from its operations, and any proceeds of potential recoveries from accounts receivable from or causes of action against third parties.  In the event that for some unforseen reason the Debtor does not receive Cash sufficient to fund payments under the Plan as set forth herein above, the Debtor or Reorganized Debtor shall apply to the Court for an extension of time to complete the transactions contemplated by this Plan.

## ARTICLE XIV

ADMINISTRATIVE PROVISIONS

14.01      Further Documents and Action.

On or before the Effective Date, the Debtor is authorized to file with the Bankruptcy Court such agreements and other documents, and take or cause to be taken such action, as may be necessary or appropriate to effect and further evidence the terms and conditions of this Plan.

14.02      Automatic Stay.

The Debtor and all of the Debtor's Property shall be subject to the exclusive jurisdiction of the Bankruptcy Court until such time as the Plan is fully effectuated.  Until such time as all such Property has been distributed in accordance with this Plan and this case is closed pursuant to Section 362(c)(2)(A) of the Bankruptcy Code, all such Property shall be protected by the automatic stay under Section 362(a) of the Bankruptcy Code.


## ARTICLE XV

### RETENTION OF JURISDICTION

15.01      Retention of Jurisdiction.

Following the Confirmation Date, the Court shall retain jurisdiction of this proceeding and of all matters arising under or out of the Bankruptcy Case, including, without limitation, for the following purposes:

15.01.1          to hear and determine any objections to the allowance of Claims;

15.01.2          to determine any and all applications for compensation for Professionals;

15.01.3          to determine any and all pending applications for the rejection or assumption or for the assumption or assignment, as the case may be, of Executory Contracts to which the Debtor is a party or with respect to which it may be liable, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom or to resolve any dispute regarding the assumption, rejection or alleged defaults of the Unexpired Leases or Executory Contracts;

15.01.4          to determine any and all applications, adversary proceedings, and contested or litigated matters before the Court and pending on or

15

made after the Confirmation Date, including adversary proceedings to collect the Debtor's Property and claims of the Debtor;

15.01.5      to modify this Plan pursuant to Section 1127 of the Bankruptcy Code or to remedy any defect or omission or reconcile any inconsistency in the Confirmation Order;

15.01.6      to hear and determine all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of this Plan, the Confirmation Order, and any other documents executed and delivered in connection with this Plan;

15.01.7      to hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of this Court in the Bankruptcy Case and any and all controversies and disputes arising under, or in connection with, this Plan;

15.01.8      to adjudicate all controversies concerning the classification of any Claim;

15.01.9      to liquidate damages in connection with any disputed, contingent or unliquidated Claims;

15.01.10     to adjudicate all Claims, the security thereof or ownership in any Property of the Debtor or in any proceeds thereof;

15.01.11     to recover all assets and Property of the Debtor wherever located, including the prosecution and adjudication of all causes of action available to the Reorganized Debtor;

15.01.12     to determine all questions and disputes regarding recovery of and entitlement to the Debtor's Property and determine all claims and disputes between the Debtor, and any other Entity, whether or not subject to an action pending as of the Confirmation Date;

15.01.13     to enter any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor and to impose such limitations, restrictions, terms and conditions on such title, rights and powers as the Court may deem necessary or appropriate;

15.01.14     to enter an order or final decree closing and terminating the Bankruptcy Case; and

15.01.15        to enter an order, after notice and a hearing, determining the appropriate amount of compensation due to professionals;

15.01.16        to make such orders as are necessary or appropriate to carry out the provisions of this Plan, including but not limited to orders interpreting, clarifying or enforcing the provisions thereof and/or the Confirmation Order.

## ARTICLE XVI

### REQUEST FOR APPLICATION OF SECTION 1129(b) OF THE CODE

16.01        In the event a Class of Creditors is deemed to be Impaired and does not accept the Plan, the Debtor hereby requests to amend the Plan and have the Bankruptcy Court find that the provisions of this Plan provide fair and equitable treatment to all Classes and that the Plan is in the best interest of the creditors of the Debtor and that the Bankruptcy Court confirm this Plan, notwithstanding the requirements of Section 1129(a)(8) of the Bankruptcy Code.

## ARTICLE XVII

### GENERAL PROVISIONS

17.01        Modification of this Plan.

The Debtor reserves the right, in accordance with the Bankruptcy Code, to seek to withdraw, amend or modify this Plan before or after the Confirmation Date.

17.02        Notice.

All notices, requests, elections or demands in connection with this Plan, including any change of address of any Claimant for the purposes of receiving distributions under this Plan and forfeiting same pursuant to Section 7.04 hereof, shall be in writing and shall be deemed to have been given when received or, if mailed, five (5) days after the date of mailing provided such writing shall have been sent by registered or certified mail, postage prepaid, return receipt requested, and if sent to the Debtor, addressed to:

David Claudio, President
Opti-cal Latina, Inc.
5418 Fifth Avenue
Brooklyn, New York 112

and with a copy to:

Norma E. Ortiz, Esq.
Ortiz & Ortiz, L.L.P.
127 Livingston Street
Brooklyn, New York 11201

All notices and requests to Claimants or holders of Interests of any Class shall be sent to them at their last known address. The Debtor, and any Claimant and holder of Interest of any Class, may designate in writing any other address for purposes of this Section, which designation shall be effective upon receipt.

17.03    Headings.

The headings used in this Plan are inserted for convenience only and neither constitute a portion of the Plan nor in any manner affect the provisions of this Plan.

17.04    Severability.

Should any provision in this Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any and all other provisions of this Plan.

17.05    Governing Law.

Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of New York.

17.06    Successor and Assigns.

The rights and obligations of any entity or person named or referred to in this Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such Entity.

17.07    Reservation of Rights.

Nothing contained herein shall prohibit the Debtor or Reorganized Debtor from prosecuting or defending any of its rights as may exist on its own behalf.

17.09    Withdrawal, Revocation, Modification, or Amendment of Plan

The Debtor reserves the right to revoke, withdraw, modify, or amend this Plan at any time prior to or subsequent to the entry of the Confirmation Order, as permitted by the Bankruptcy Code and Bankruptcy Rules.

17.010     Binding Effect of this Plan

This Plan shall be binding upon and inure to the benefit of the Reorganized Debtor, any person or entity bound by the provisions of this Plan under Bankruptcy Code section 1141, and their respective predecessors, successors, assigns, agents, partners, officers, and directors.

17.011     Conflicts

The terms of the Plan shall control in the event there is any conflict, inconsistency, or discrepancy between the Plan and Disclosure Statement.

## ARTICLE XVIII

### CONDITIONS TO CONFIRMATION

(a)     The Confirmation Order shall have become a Final Order.

(b)     All requirements of any federal, state or local laws, ordinances or regulations that must be satisfied in connection with the consummation of the Plan shall be satisfied.

Dated:  Brooklyn, New York
         July 24, 2007

                                        Optic-cal Latina, Inc. d/b/a/ Optica Latina, Inc.,
                                        Debtor and Debtor-in-Possession


                          by:     _s/David Claudio_
                                        David Claudio, President

Counsel to the
Debtor and Debtor-in-Possession

_s/Norma E. Ortiz_
Norma E. Ortiz (NO 4748)
Ortiz & Ortiz, L.L.P.
127 Livingston Street
Brooklyn, New York 11201
Tel. (718) 522-1117

# SCHEDULE 1

None